IN THE SUPREME COURT OF THE STATE OF DELAWARE

JUSTYN WILSON, §
§
    Defendant Below, § No. 24, 2016
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, § Cr. ID No. 0911019557
§
    Plaintiff Below, §
    Appellee. §

Submitted: January 21, 2016
Decided: March 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **ORDER**

This 1st day of March 2016, it appears to the Court that:

(1) On January 13, 2016, the Court received the appellant's notice of appeal from an April 23, 2010 Superior Court sentencing order. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before May 24, 2010.

(2) The Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, the appellant contends that his counsel ignored his wishes to file a notice of appeal from his guilty plea and misinformed him of his appeal rights. The appellant demands that this matter

be reversed and remanded for re-sentencing so he may file a timely notice of appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The appellant does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. As to his claims regarding his counsel, the appellant does not explain why he waited almost six years to file this notice of appeal. The Superior Court docket reflects that the appellant filed a motion for postconviction relief in 2010, but then took no further action after we

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[3] *Smith*, 47 A.3d at 486-87.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

dismissed his untimely appeal of the Superior Court's denial of his motion for postconviction relief.[5]  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] *Wilson v. State*, 2011 WL 1900446 (Del. May 16, 2011).